**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**RONNIE NIXON, JR.**                                                                                               **PLAINTIFF**

v.                                  **Case No. 3:20-cv-00264-LPR**

**KEVIN MOLDER,** *et al***.**                                                                                        **DEFENDANTS**

## ORDER

Plaintiff Ronnie Nixon, Jr., incarcerated at the Poinsett County Detention Center, filed a *pro se* Complaint on August 31, 2020, along with a motion to proceed *in forma pauperis* ("IFP") (Docs. 1, 2). Mr. Nixon's Motion to Proceed IFP (Doc. 1) is DENIED based on his litigation history and his Complaint (Doc. 2) is DISMISSED for failure to pay the filing fee.

Mr. Nixon sued Poinsett County Sheriff Kevin Molder and Prosecuting Attorney Val Price. (Doc. 2 at 1). He alleges only:

> Been her for 64-date-have not been to court on the charges – in no case number in #64 date: this habeas corpul: I need to be put back up in court on the charges – for a – dismissal in court – in nolproceer.  I put this on the kiosk – also my number 7057 – in pain number 1964.

(*Id*. at 4). For his relief, Mr. Nixon said he "wold like to be felened of the chages that are involved with this, and compensation for my lost time." (*Id*. at 5).

The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot proceed *in forma pauperis* "if the prisoner has on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Prior to filing this lawsuit on August 31, 2020, Plaintiff filed at least three actions that were dismissed for failing to state a claim upon which relief may be granted.  *See Nixon v. Mills, et al.,*

3:10-CV-12-BSM (E.D. Ark.); *Nixon v. Cox*, 3:17-CV-122-BRW (E.D. Ark.); *Nixon v. Hitt, et al.,* *3*:17-CV-138-JM (E.D. Ark.).

A plaintiff with "three strikes" may proceed *in forma pauperis* only if he falls under the "imminent danger" exception to the three strikes rule. *See* 28 U.S.C. § 1915(g) (providing that three strikers should be granted permission to proceed *in forma pauperis* if they are "under imminent danger of serious physical injury"); *Ashley v. Dilworth,* 147 F.3d 715, 717 (8th Cir. 1998) (explaining that the exception applies only if the prisoner is in imminent danger "at the time of filing" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient").

For Mr. Nixon to be able to proceed *in forma pauperis* in this case, he must establish that he was in imminent danger of serious physical injury at the time he filed his Complaint. *See Ashley,* 147 F.3d at 717. Mr. Nixon does not allege he is or was in imminent danger. Further, Mr. Nixon's pleadings do not otherwise indicate imminent danger. Accordingly, the imminent danger exception does not apply. *See id.* Therefore, this case will be dismissed due to Mr. Nixon's failure to pay the filing fee. Mr. Nixon will have thirty (30) days to reopen this case by paying the $400 filing fee in full.

The Court notes Mr. Nixon referred to *habeas corpus* in his Complaint and his allegations and the relief sought indicate Mr. Nixon intended to challenge his incarceration. As such, the Clerk of the Court is directed to send Mr. Nixon a blank petition for a writ of *habeas corpus* under 28 U.S.C. § 2241.

IT IS THEREFORE ORDERED that:

1. Mr. Nixon's Motion to Proceed *in Forma Pauperis* (Doc. 1) is denied.

2. Mr. Nixon's Complaint (Doc. 2) is dismissed without prejudice.

3. Mr. Nixon has thirty (30) days from the date of this order in which to reopen this case by paying the $400 filing fee in full.

4. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order or the accompanying Judgment would not be taken in good faith.

Dated this 3rd day of September 2020.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE